The following is the opinion at special term:
Beach, J.
In January, 1887, the plaintiff issued the. first number of a monthly periodical named “The Bailroad and Engineering Journal.” In 1886 he had purchased, for five hundred dollars each, two monthly publication^ called, respectively, “ The American Bailroad Journal” and “ Yan Nostrand’s Engineering Magazine” ; the issue of January, 1887, was the result of consolidation. There is a slight proof tending to show that the “American Bailroad Journal” was to a limited extent known, and sometimes spoken of, without the prefix “American.”
The defendant publishes a weekly periodical now named “ Engineering News and American Bailway Journal.” It is the outcome of a prior publication first called “ The Engineer and Surveyor,” then “The Engineer, Architect and Surveyor,” then “The Engineering News,” then with an addition of “American Contract Journal,” and lastly “Engineering News and American Bailway Journal,” since Feb ’’ letter heads, stamped envelopes and subscription orders bear the abbreviated title only. I think it a fair deduction from the evidence that plaintiff’s paper is sometimes called' “ Forney’s Paper” and “Forney’s Bailroad Journal.” seems to be usually called
Upon these facts the plaintiff prays the court to enjoin the defendant from using the words “ Bailway Journal” in its title. To grant this relief would, in my opinion, extend the exercise of equitable power beyond the limits ever before reached by adjudication. Above and beyond the technical rules regulating the application of equitable relief lies the broad principle, necessitating a living equity in a plaintiff’s case rather than a skeleton only held together by the thin wire of abstruse reasoning. In the case at bar, plaintiff’s publication has but a limited circulation, and there is an utter absence of evidence even tending to show actual confusion in any instance, from the claimed similarity in name, while the titles as printed, instead of indicating possibillity of error from defendant’s use of the words “ Bailway Journal,” rather show probable confusion and mistake from plaintiff’s use of the term “ Engineering.”
Considering the titles in full, I cannot see any real similitude. To select therefrom two words, which are not the popular appelation of either or both, and enjoin their use by defendant, would *1124 unnecessarily extend the boundary line, limiting the discreet exercise of equitable power. I should question the propriety of its exercise upon the sole "fact that one publication was called “ The Railroad Journal,” and another “ The American Railway Journal.'! Extrinsic facts, such as resulting confusion, intent to imitate, probable imposition upon subscribers or purchasers, would be needful where resemblance is so slight.
Rowland' Gox, for app’lt; J. W. Hawes, for resp’t.
The learned counsel for plaintiff relies mainly upon the case of American Grocer Publishing Ass'n v. The Grocer Publishing Co., 25 Hun, 398. The proof showed there that the plaintiff’s paper was known and commonly called, “ The Grocer.” One Price was its editor until 1875, when he ceased to act and began the initiation of a new paper called “ The Grocer,” issued December 11, 1875, published on same side of same street and block as the plaintiff’s and when plaintiff removed to another locality the defendant followed. In addition there was some evidence of business confusion, united with the marked similarity in name, in fact, and of exactness in common designation. The cases cited by the learned justice also show an imitation, lacking in this case. In Howard v. Henriques, 3 Sand., 725, the titles were Irving House and Irving Hotel. In Clement v. Maddick, 5 Jur. N. S., 592, the use of words “ Bell’s Life” in newspaper titles was enjoined, because plaintiff’s journal was familiarly known by that name. In Ingram v. Stiff, 5 Jur., N. S., 947, the names were alike. The French adjudications are upon like facts. ThS “ Moniteur Universal,í” and “ The Moniteur Official,” because it incontestably appeared that the former was always known as “ The Moniteur.” Others, “ The Press ” and “ The Free Press,” “ The Petit Journal ” and “ The Petit Journal de la Somme."
The principle is that there must be an adaptation of plaintiff’s title, either exact, or to an extent sufficient to show an appropriation of words producing similitude in the titles themselves, or from well established popular designation.
Within this principle the plaintiff has failed to bring his case , by proofs, and the relief sought by his bill of complaint must be denied.
Decree for defendant, with costs.
Van Brunt, P. J.
It does not seem necessary to discuss at large the questions presented upon this appeal. The facts are distinctly stated in the opinion of the court below, and the grounds upon which the relief should be refused to the plaintiff are correctly set forth.
The cases of Stokes v. Allen, decided at the May term of this court, 31 N. Y. State Rep., 633, and Richardson & Boynton Co. v. Richardson & Morgan Co., 27 N. Y. State Rep., 808, also serve to illustrate the correctness of the conclusions arrived at.
The judgment should be affirmed, with costs.
Brady and Daniels, JJ., concur.